UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL LANDRY, and
TREADWELL FRANKLIN
INFRASTRUCTURE CAPITAL LLC,

    *Plaintiffs,*

v.

WORLD MARINE OFFSHORE A/S, WORLD
MARINE OFFSHORE LLC, LARS
CHRISTIAN ZOHNER, HANS SCHNEIDER,
and JIMMY KRISTENSEN,

    *Defendants.*

Civil Action No. 22-cv-11432-AK

## DEFENDANT JIMMY KRISTENSEN'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION TO DISMISS

Defendant Jimmy Kristensen ("Kristensen") must be dismissed from this lawsuit because he is not subject to this Court's jurisdiction nor was he a party to the underlying Memorandum of Understanding ("MOU")[1] which is at the heart of this dispute. As set forth Defendants World Marine Offshore A/S ("World Marine" or "WMO") and World Marine Offshore LLC ("World Marine Offshore LLC")'s Memorandum of Law in Support of Their Motion to Dismiss ("World Marine MOL"), this dispute concerns sophisticated, commercial parties who voluntarily, and with open eyes, explored a potential deal. However, as stipulated in the Memorandum of Understanding ("MOU") (to which Kristensen was not a party), the parties were not committed to meeting the goals of the proposed deal *yet*. In fact, the parties expressly agreed that any one of them could withdraw from the deal at any time. Once World Marine Offshore A/S, pursuant to its rights under

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as defined in the World Marine Offshore MOL.

the MOU, withdrew, Plaintiffs brought this Complaint naming everyone as a defendant from the current CEO, to the former CEO. to an incidental shareholder-employee, *i.e.* Kristensen. Plaintiffs' kitchen-sink Complaint fails to state any cause of action against Kristensen, let alone any single substantive factual allegation against Kristensen that would give rise to personal liability. Plaintiffs' insertion of Kristensen into this Action is frivolous gamesmanship and the claims against him should be dismissed.

## RELEVANT FACTUAL BACKGROUND[2]

Kristensen is only mentioned in ten of the nearly two hundred factual allegations in Plaintiffs' Complaint. *See* Complaint (ECF #1). These scant factual allegations are summarized as follows:

Kristensen is a resident of Denmark and is a shareholder in WMO. *Id.* at ¶ 6. He came to Massachusetts to conduct business either for WMO or his own behalf. *Id.* at ¶ 10.

On or about July 15, 2021, George Campbell, partner of Treadwell Franklin Infrastructure Capital LLC ("TFIC"), met with Lars Zohner ("Zohner") in Denmark to discuss "the essence" of a future arrangement with WMO and Kristensen was allegedly present. *Id*. at ¶ 30.

On August 16, 2021, Kristensen came to the US "to conduct client meetings, shipyard visits, and meetings with TFIC." *Id*. at ¶ 41. Plaintiff Michael Landry ("Landry") and Kristensen allegedly traveled around the country together "to conduct client development and other meetings." *Id*. at ¶ 42.

Landry told Kristensen that Foss Maritime "desired to enter into a discussion" regarding the business in the U.S., and informed Kristensen that Zohner, former CEO of WMO, "had initiated the conversations with Foss without the knowledge or approval of Landry or TFIC." *Id.* at ¶¶ 120-

---

[2] Defendants accept the factual allegations of the Complaint as true <u>solely</u> for the purposes of this Motion and reserves all rights to challenge, defend and refute the factual allegations therein.

121. "After discussions" regarding Foss, a meeting took place which included Kristensen. *Id*. at ¶¶ 122, 127. On January 6, 2022, Landry and TFIC and Landry allegedly informed Schneider and Kristensen certain entities expressed willingness "to fund fund 100% of the needed capital (debt and equity)." *Id* at ¶ 135.

There are no factual allegations that Kristensen performed any acts in his personal capacity that would subject him to this Court's jurisdiction. There are no allegations that Kristensen in his personal capacity performed any acts constituting an element of any claim.

## ARGUMENT

I. **Pursuant to 12(b)(2), This Court Should Dismiss This Action Against Kristensen For Lack of Personal Jurisdiction.**

The Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction over Kristensen, and Plaintiffs have not met their burden of making a *prima facie* showing that the court has personal jurisdiction over him. *See* Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50–51 (1st Cir. 2002).

It is settled law that each defendant's contacts with a forum state must be assessed individually. Calder v. Jones, 465 U.S. 783, 790 (1984). It is axiomatic that jurisdiction over employees, agents, and officers of a corporation may not be based upon jurisdiction over the corporation. M–R Logistics, LLC v. Riverside Rail, LLC, 537 F. Supp .2d 269, 279 (D. Mass. 2008).

In evaluating personal jurisdiction over an individual defendant, the Court must consider whether the individual defendant was the primary participant in the alleged wrongdoing that was serving his personal interests or whether he acted principally as an agent of the alleged corporate wrongdoer. LaVallee v. Parrot-Ice Drink Prods. of Am., Inc., 193 F. Supp. 2d 296, 302 (D. Mass. 2002) (holding possibility that individual defendant may bear some personal responsibility for 93A

claim insufficient to establish personal jurisdiction). The absence of any allegation that the individual defendant derived personal benefits from the alleged contacts in Massachusetts, and/or acted outside the scope of his or her employment is fatal to any argument that the individual can be subject to the Court's specific jurisdiction unless the individuals are a mere alter-ego of the corporate defendant or the claimant has alleged facts sufficient to pierce the corporate veil between a corporate officer and the corporation. M-R Logistics, LLC v. Riverside Rail, LLC, 537 F. Supp. 2d 269, 280 (D. Mass. 2008). *See* Wang v. Schroeter, 2011 WL 6148579 at *5 (D. Mass. Dec. 9, 2011) ("Plaintiff mentions each individual defendant by name in the complaint only once: when describing him or her as an officer of either IBM or Artech. . . Allegations that 'defendants' failed to pay plaintiff or that plaintiff was terminated by 'defendants' are insufficient to hold individual defendants [liable]").

Here, as alleged, Kristensen only visited the United States – let alone Massachusetts – less than a handful of times. Further, there are no allegations that Kristensen acted outside of his corporate capacity as agent of World Marine or derived individual personal benefits from alleged contacts in Massachusetts, no allegations to pierce the corporate veil, and no allegations that Kristensen is a mere alter-ego of World Marine. Indeed, the Complaint only represents Kristensen as a shareholder of World Marine who traveled to Massachusetts to conduct client meetings in a vague manner. The Complaint fails to enunciate any basis for why or how Kristensen would be named as an individual defendant in this matter.

Kristensen, a Denmark citizen living and working in Denmark, has not availed himself of Massachusetts jurisdiction and law and the Complaint fails to allege any factual basis as to how or why Kristensen individually could ever by subject to Massachusetts jurisdiction and law. Simply

put, there is no basis for asserting personal jurisdiction over Kristensen, and this action must be dismissed against Kristensen for lack of personal jurisdiction.

**II.    Pursuant to 12(b)(6), The Claims Against Kristensen Should Be Dismissed Because Plaintiffs Have Not Alleged Facts Sufficient to State a Claim Against Him.**

In determining whether to dismiss a claim pursuant to Fed. R. Civ. P. Rule 12(b)(6), the question is whether the claimant has alleged facts sufficient to state a claim to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The proponent of a claim must allege facts that are plausible, rather than just conceivable. Ashcroft v. Iqbal, 556 U.S. 662, 680-81 (2009). Although the claimant's factual allegations are accepted as true for the purposes of deciding a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* at 678.

There are no meaningful allegations that Kristensen did anything substantial at all let alone any actions that gives rise to any one of Plaintiffs' seven (7) counts against all "Defendants." In fact, only two (2) of the ten (10) allegations of the Complaint where Kristensen is actually mentioned is there any assertion that Kristensen took an affirmative action. *See* Complaint at ¶ 41 ("Kristensen arrived in the US to conduct client meetings, shipyard visits, and partnership meetings"); *Id*. at ¶ 42 ("Landry and Kristensen traveled around the country together to conduct client development and other meetings"). Certainly, traveling to the US and conducting meetings do not give rise to any level of liability of any of Plaintiffs' causes of action. The remainder of the allegations related to Kristensen simply state that he was informed of certain information or participated in meetings without any specificity whatsoever. Kristensen appears generally lumped into mass allegations with all Defendants without any specificity in any of the Counts, particularly Counts IV and VI which require specificity pursuant to F.R.C.P Rule 9(b).

**a. Counts I (Breach of Implied Covenant) and III (Breach of Contract) Against Kristensen Should Be Dismissed Because Kristensen Was Not A Party to The Contracts.**

Plaintiffs' Counts I and III fail as a matter of law for the reasons set forth in the World Marine MOL on the grounds that Defendants acted in accordance with their rights and requirements outlined in the MOU, an aspirational agreement-to-agree, and Kristensen explicitly adopts the arguments set forth in the World Marine MOL.

Additionally, Kristensen did not sign any of the contracts that Defendants allegedly breached in either his official capacity as a shareholder of World Marine or an individual. *See* McCarthy v. Azure, 22 F.3d 351, 356 (1st Cir. 1994) ("[I]t is settled beyond peradventure that a person signing a contract only in a corporate capacity, and unambiguously indicating that fact on the face of the contract documents, does not thereby become a party to the agreement"); see Union Mut. Life Ins. Co. v. Chrysler Corp., 793 F.2d 1, 11 (1st Cir.1986); Beram v. Ceaco, Inc., 219 F. Supp. 3d. 274, 283 (D. Mass. 2016) (dismissing corporate president and CFO from breach of contract claim where president signed contract only in official capacity and CFO did not even sign).

Furthermore, because Kristensen did not sign any of the contracts at issue, Plaintiffs' claim for Breach of Implied Covenant of Good Faith and Fair dealing, inherent in every contract, must equally fail. *See* Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics Inc., 412 F.3d 215, 230 (1st Cir. 2005) ("[W]ithout a contract, there is no covenant to be breached"); In re Bailey, 437 B.R. 721, 729 (Bnkr. D. Mass. 2010) (dismissing claim because Defendant was not the holder underlying Mortgage contract); Parks v. Ricciardi, 2005 Mass. App. Div. 107, No. 1618 at *2 (Mass. App. Div. 2005) (stating there was no contract between homeowners and president such that president could be personally liable to homeowners for breach of covenant of good faith and fair dealing). Therefore, the Court should dismiss Counts I and III against Kristensen.

### b. Count II (Breach of Fiduciary Duty) Against Kristensen Should Be Dismissed Because He Did Not Owe a Fiduciary Duty to Plaintiffs.

Plaintiffs' claim must fail as a matter of law for the reasons set forth in the World Marine MOL on the grounds that the sophisticated parties entered into arms-length transactions that did not instill any special trust and confidence to confer a fiduciary duty, and Kristensen explicitly adopts the arguments set forth in the World Marine MOL.

Additionally, Plaintiffs fail to establish facts plausible to support that Kristensen owed a fiduciary duty to Plaintiffs. In fact, Plaintiffs only allege - ambiguously and using the undefined term "Defendants" – that Defendants owed Plaintiffs a fiduciary obligation. Plaintiffs presents no allegations that would transform an arm's length business transaction between Plaintiffs and World Marine into a fiduciary relationship, let alone any allegations to support piercing the corporate veil to hold Kristensen personally liable as shareholder of World Marine or to otherwise support a claim for breach of fiduciary duty against him. The claim must be dismissed as to Kristensen.

### c. Counts IV (Fraudulent Inducement) and VI (Fraud) Against Kristensen Must be Dismissed Because Plaintiffs Fail to Allege Fraud With The Specificity.

Plaintiffs' claims must fail as a matter of law for the reasons set forth in the World Marine MOL on the grounds that Plaintiffs failed allege fraud with the specificity that is required under FRCP 9(b), and Kristensen explicitly adopts the arguments set forth in the World Marine MOL.

Additionally, where there are multiple defendants, the specific role of each must be alleged with particularity. *See* Taylor v. Moskow, Civil Action No. 13-12675-FDS, 2014 WL 2573990, at *5 (D. Mass. June 6, 2014) (complaint for misrepresentation dismissed where allegations were "vague as to which of the defendants made the purportedly misleading statements"). Here, the facts alleged do not give Kristensen any notice whatsoever regarding the claims for fraud let alone the heightened notice required pursuant to Rule 9(b) regarding which specific representation(s) he may have made that could be considered fraudulent.

    d. **Count V (Tortious Interference) Against Kristensen Should Be Dismissed Because Plaintiffs Fail to Allege Sufficient Facts Plausible That Kristensen Intentionally Interfered, In Any Way, with Plaintiffs' Contractual Relationship(s).**

Plaintiffs' claims must fail as a matter of law for the reasons set forth in the World Marine MOL on the grounds that Plaintiffs lack standing to assert damages and, and even if Plaintiffs have standing, Plaintiffs fail to allege that Defendants ever intended for third parties to break their contracts with Plaintiffs, and Kristensen explicitly adopts the arguments set forth in the World Marine MOL.

Certainly, the few facts as alleged – that Kristensen was a passive participant in a few meetings – fall dramatically short of any claim of tortious interference and particularly, even if there was any tortious interference, the allegations fall short of alleging it was intentional and improper in motive and means.

    e. **Count VII (Negligent Misrepresentations) Against Kristensen Should Be Dismissed Because Plaintiffs Fail to Allege That Kristensen Made Any Representations to Plaintiffs.**

Plaintiffs' claims must fail as a matter of law for the reasons set forth in the World Marine MOL on the grounds that the integration clause of the MOU precludes Plaintiffs' negligent misrepresentation claim and Plaintiffs fail to allege how any statements damaged Plaintiffs given the fact that World Marine had the right to terminate the MOU, and Kristensen explicitly adopts the arguments set forth in the World Marine MOL. Furthermore, the Complaint contains no allegations suggesting that Kristensen *ever* made *any* negligent misrepresentations to Plaintiffs that caused Plaintiffs to suffer pecuniary loss.

## CONCLUSION

For these reasons set forth herein and, in the World Marine MOL, the Court should dismiss all of Plaintiffs' claims against Defendant Jimmy Kristensen.

Dated: December 2, 2022                          Respectfully submitted,

**JIMMY KRISTENSEN,**

By his attorney,

*/s/Andrea L. Martin, Esq.*
Andrea L. Martin (BBO #666117)
amartin@burnslev.com
BURNS & LEVINSON LLP
125 High Street
Boston, MA 02110
Telephone: 617-345-3000
Facsimile: 617-345-3299

**CERTIFICATE OF SERVICE**

I, Andrea L. Martin, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 2, 2022.

*/s/Andrea L. Martin, Esq.*
Andrea L. Martin, Esq.

4866-5561-1455.2